# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JOSPEH ROSSLEY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITY OF PASADENA, TEXAS, | § | JURY TRIAL DEMANDED |
| PASADENA POLICE DEPARTMENT, | § | |
| MARCELLOS HERNANDEZ SEALE, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| CAPACITY AS A PEACE OFFICER | § | |
| OF THE PASADENA POLICE | § | |
| DEPARTMENT, DENNIS EDWARD | § | |
| RICE IV, INDIVIDUALLY AND IN | § | |
| HIS CAPACITY AS A PEACE | § | |
| OFFICER OF THE PASADENA | § | |
| POLICE DEPARTMENT, MICHAEL | § | |
| D. SUBER, INDIVIDUALLY AND IN | § | |
| HIS CAPACITY AS A PEACE | § | |
| OFFICER OF THE PASADENA | § | |
| POLICE DEPARTMENT, JOHN DOE | § | |
| 1, INDIVIDUALLY AND IN HIS | § | |
| CAPACITY AS A PEACE OFFICER | § | |
| OF THE PASADENA POLICE | § | |
| DEPARTMENT, and JOHN DOE 2, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| CAPACITY AS A PEACE OFFICER | § | |
| OF THE PASADENA POLICE | § | |
| DEPARTMENT, | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## Introductory Statement

1.      This is an action for damages sustained by DANIEL JOSEPH ROSSLEY, a citizen of the United States and the State of Texas (sometimes referred to herein as "Mr. Rossley," "Rossley," or the "Plaintiff"), against the CITY OF PASADENA, TEXAS (sometimes referred to herein as the "City" or "Pasadena"), the PASADENA POLICE DEPARTMENT (sometimes referred to herein as the "Pasadena Police" or "PPD"), MARCELLOS HERNANDEZ SEALE, individually and in his capacity as a peace officer of the Pasadena Police Department (sometimes referred to herein as "Officer Seale" or "Seale"), DENNIS EDWARD RICE IV, individually and in his capacity as a peace officer of the Pasadena Police Department (sometimes referred to herein as "Officer Rice" or "Rice"), MICHAEL D. SUBER, individually and in his capacity as a police officer of the Pasadena Police Department (sometimes referred to herein as "Officer Suber" or "Suber"), JOHN DOE 1 (sometimes referred to herein as "Doe 1"), and JOHN DOE 2 (sometimes referred to herein as "Doe 2").  The aforementioned persons and/or entities, excluding the Plaintiff, are the defendants (sometimes referred to herein collectively as the "Defendants," or individually as the "Defendant").

2.      This case concerns the treatment of Mr. Rossley at the hands of the Defendants before, during, and after he was unlawfully arrested by the same, in violation of his fundamental rights under both the constitutions of the United States and the State of

Texas. Specifically, the Defendants conspired to arrest Mr. Rossley for the misdemeanor offense of public intoxication, despite him being on his own property, in direct retaliation for his attempt(s) to exercise his rights, as a citizen and a property owner, to order the Defendants to immediately depart from his private property, and despite their actual knowledge that there was no legal basis for his further detention or arrest. Mr. Rossley was unlawfully and unconstitutionally arrested, without probable cause, by the Defendants, unlawfully and unconstitutionally deprived of his fundamental liberties and freedom after being thrown and incarcerated in a dim, cold cell, unlawfully treated like an violent felon that had already been convicted, unlawfully deprived of his right to have a meaningful relationship with both of his two children, unlawfully subjected to extreme physical pain and unjustifiable abuse, unlawfully embarrassed and defamed publicly, privately, and professionally, unlawfully subjected to extreme emotional distress and mental anguish, unlawfully subjected to conditions contributing to his degeneration, and unlawfully and unjustly deprived of significant financial resources to retain legal counsel, post bail and obtain pretrial release, and other related and incidental expenses, costs, and fees. As a result of the acts and/or omissions of the Defendants, as set forth and described more fully herein below.

## Jurisdiction

3.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the

First, Fourth, Eighth, and Fourteenth amendments to the United States Constitution. In addition, this action is brought pursuant to certain Texas constitutional, statutory, and common law causes of action.

4.    Rossley brings this action under the First, Fourth, and Fourteenth Amendments to the United States Constitution, as Authorized by 42 U.S.C. §1983.

5.    This jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1343(a)(3), (4) and 1331.

## Parties

6.    Mr. Rossley is a citizen of the United States and the State of Texas, and a resident of Harris County.

7.    The City of Pasadena, Texas, is a municipal corporation organized and existing under the law of the State of Texas, and located entirely within Harris County, Texas. The City is responsible for the oversight, supervision, and administration of its various departments and agencies, including the Pasadena Police Department. It is sued in its official capacity as a municipality and political subdivision of the State of Texas, in its official capacity as an employer, generally, and under the doctrine of *respondeat superior* for the Pasadena Police, including all peace officers and civilian employees thereof, for the actions, omissions, conduct, and policies that are the subject of this litigation. The City of Pasadena may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by serving its

4

mayor, the Hon. Jeff Wagner, at his official place of business at the Pasadena City Hall located at 1149 Ellsworth Dr., Pasadena, Texas 77506, or wherever he may be found.

8.      The Pasadena Police Department is a political subdivision of the City of Pasadena, Texas, that is organized, administered, and regulated under the rules, regulations, and code of ordinances duly adopted by the City, as well as under the various relevant laws of the State of Texas.  It is sued in its official capacity as a political subdivision and department of the City, as an employer, generally, and under the doctrine of *respondeat superior* for all peace officers and civilian employees employed thereby, for the actions, omissions, conduct, and policies that are the subject of this litigation.

9.      Officer Seal is a police officer employed by the Pasadena Police Department. He is a resident of the State of Texas.  He may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his place of employment at the Pasadena Police Department located at 1201 Davis St., Pasadena, Texas 77506, or wherevery he may be found.  He is sued in both his individual and official capacities.

10.    Officer Rice is a detective employed by the Pasadena Police Department.  He is a resident of the State of Texas.  He may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his place of employment at the Pasadena Police Department located at 1201 Davis St., Pasadena, Texas 77506, or wherever he may

be found.  He is sued in both his individual and official capacities.

11.    Officer Suber is a police officer employed by the Pasadena Police Department. He is a resident of the State of Texas.  He may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his place of employment at the Pasadena Police Department located at 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.  He is sued in both his individual and official capacities.

12.    Officer John Doe 1 is a police officer employed by the Pasadena Police Department whose actual named identity is currently unknown to Mr. Rossley. During all relevant periods, as set forth and further described herein, Doe 1 is believed to have been a supervisor of Officer Rice.  He may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his place of employment at the Pasadena Police Department located at 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.  He is sued in both his individual and official capacities.

13.    Officer John Doe 2 is a police officer employed by the Pasadena Police Department whose actual named identity is currently unknown to Mr. Rossley. During all relevant periods, as set forth and described herein, Doe 2 is believed to have been a supervisor of Officer Seale.  He may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure, at his place of employment at the Pasadena Police Department located at 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.  He is sued in both his individual and official capacities.

**Statement of Facts**

14.    On or about February 23, 2023, Mr. Rossley was employed full-time as a Laboratory Technician at Bayport Polymers, LLC in Harris County, Texas.

15.    Also, on or about February 23, 2023, Officer Seale and Officer Suber arrived at Mr. Rossley's home located at 3903 Danpree St., Pasadena, Texas 77504 in response to call for service.

16.    After performing their initial investigation, speaking with Mr. Rossley, and confirming that no imminent or exigent threat(s) existed at, in, or near his home, Officer Seale and Officer Suber arrested Mr. Rossley for the alleged misdemeanor offense of public intoxication, despite Mr. Rossley being physically on his own private property at all times, and despite having actual knowledge that there was no probable cause or other lawful grounds for Mr. Rossley's further detention or arrest.

17.    In fact, initially, Mr. Rossley was unlawfully arrested without any articulable cause or basis, whatsoever, almost immediately after he told Officer Seale and Officer Suber to leave his property.

18.    After Mr. Rossley was already unlawfully arrested, and in direct retaliation for him exercising his rights as both a private citizen and a property owner, Officer Seale then conspired with Officer Suber and, via phone, Doe 2 to come up with some purported cause or reason for Mr. Rossley's unlawful, and completely retaliatory, arrest, which had already occurred.

19. Specifically, Officer Seale's telephone conversation with Doe 2 after Mr. Rossley's unlawful and retaliatory arrest explicitly included a discussion about how he could carefully word a probable cause affidavit to conceal the unlawful and retaliatory nature of Mr. Rossley's arrest. By and through this discussion between Office Seale and Doe 2, as well as statements made by the Defendants on-scene and otherwise throughout the incident, exhibit clear collusion between Officer Seale, Officer Suber, and Doe 2 to deliberately and unlawfully misrepresent and/or skew the facts and allegations, including, but not limited to, an intentional misrepresentation of the "public place" element required for the misdemeanor offense of public intoxication, that the Defendants would subsequently set forth in a probable cause affidavit that was expressly intended to illegally and fraudulently obtain some purported justification for Mr. Rossley's unlawful and retaliatory arrest, as well as for the numerous related violations of his fundamental rights under the United States and Texas constitutions, and to ultimately deliberately and intentionally conceal their unethical, illegal, and unconstitutional actions.

20. Further, while Officer Seale was unlawfully arresting Mr. Rossley, he assaulted and physically injured Mr. Rossley by smashing his head against his owned vehicle, which was parked in the driveway on his private property. As a result, Mr. Rossley was physically injured and felt significant pain, both at the time and for some time thereafter.

21.    Section 49.02 of the Texas Penal Code sets forth the elements required for the misdemeanor offense of public intoxication in Texas.  "A person commits an offense if the person appears in a *public place* while intoxicated to the degree that the person may endanger the person or another."  Tex. Penal Code § 49.02(a) (emphasis added).

22.    Texas courts have clearly and exhaustively held that "a private residence, *including its yard or driveway*, has *never* been construed as a public place for the purpose of committing the offense of public intoxication."  *Commander v. State*, 748 S.W.2d 270, 271 (Tex. App. – Houston [14th Dist.] 1988); *see also Pugh v. State*, 117 S.W. 817 (Tex. Crim. App. 1909) (ruling that a private residence is not a public place for purposes of the public intoxication statute, even if the defendant is clearly intoxicated and visible from a public place, such as the street).

23.    Mr. Rossley's unlawful arrest by the Defendants is consistent with the Pasadena Police's regular and established practice, pattern, policy, and/or custom, by and through its officers and/or other personnel, of effecting arrests of individuals, without any probable cause, whatsoever, such the unlawful arrest of an individual for the misdemeanor offense of public intoxication, despite that individual being on his or her own private property, and of deliberately, intentionally, and unlawfully manipulating, or otherwise skewing and misrepresenting, through express acts or omissions, or both, the allegations, facts, and/or other information set forth by certain officers of the Pasadena Police Department, including Defendants, in preparing and

presenting incident reports, probable cause affidavits, and/or other similar official documents and pleadings.

24.    After Rossley was effectively kidnapped from his residence by an unlawful arrest and was assaulted by Seale, Rossley was transported to the Pasadena City Jail. While at the Pasadena City Jail Plaintiff was understandably uncooperative with Seal. After Seale exchanged disrespectful fighting words with Rossley, effectively seeking to engage in mutual combat with Rossley. Rossley, who was handcuffed and on the ground, attempted to kick Seale.

25.    On February 24th, 2023 Plaintiff was charged with Assault of a Peace Officer.

26.    In Seal's February 24th, 2023 probable cause affidavit for the Assault of a Peace Officer charge against Rossley, Seal deliberately included the carefully constructed and intentionally obfuscating element of "Close proximity to a public street" in his probable cause affidavit to qualify a private residence as a "Public Place" to justify falsely arresting Rossley for Public Intoxication on his own private property.

27.    Rossley was never charged with Public Intoxication by Seal or by any agent of the Pasadena Police Department in connection with his arrest on February 23rd, 2023.

28.    On the morning of February 24th, 2023 Rossley had an understandably tense phone conversation with Rossley's spouse, Sharon Ann Pawkett, regarding his

arrest. Sharon Ann Pawkett had her stepfather Ronald Craig Toler contact his friend at the Pasadena Police Department to have Rossley charged for allegedly threatening Sharon Ann Pawkett.

29.     On or about February 24th, 2023 Rice, a subordinate of Ronald Craig Toler's friend at the Pasadena Police Department, made contact with Sharon Ann Pawkett.

30.     During the conversation between Rice and Sharon Ann Pawkett, Sharon Ann Pawkett falsely stated that she believed that Rossley stated to her (Sharon Ann Pawkett) an imminent threat that "I (Plaintiff) can't wait to get home in a few days and kill y'all and to kill myself".

31.     Rice located a recording of the allegedly imminently threatening phone call and on a recorded conversation with Sharon Ann Pawkett Rice Acknowledged that the allegedly threatening statement was not what Rossley had stated. Despite the acknowledgment by Rice that the statement alleged to have been made by Rossley was false, Rice intentionally included Sharon Ann Pawkett's false statement in his February 24th, 2023 probable cause affidavit to get the Harris County District Attorneys' Office to accept a charge of Retaliation against Rossley.

32.     On or about February 24th, 2023 Rice knowingly and willingly included the false allegation that Plaintiff had stated "I (Plaintiff) can't wait to get home in a few days and kill y'all and to kill myself" on a probable cause affidavit which was used to charge Rossley with Retaliation.

11

33.    On or About February 25th, 2023 Rossley was charged with Retaliation.

34.    On or about February 27th of 2023, for the charge of Retaliation, Rossley's bond was set at $5,000.

35.    On or about February 27th of 2023, for the charge of Assault of a Peace Officer, Rossley's bond was set at $30,000

36.    On or about March 2nd of 2023, Rossley retained Attorney Travis Bryan to represent Rossley in the Assault of a Peace Officer and Retaliation cases after signing a representation agreement that cost Plaintiff $30,000 in consideration.

37.    During Rossley's incarceration at the Harris County Jaily between February 25th, 2023 and March 4th, 2023 Plaintiff went on a hunger strike in protest at his unlawful detention and received forced medical treatment.

38.    Rossley remained in Harris County Jail until March 4th of 2023 when he was able to post a $10,000 bond for the Assault of a Peace Officer Charge.

39.    During March of 2023 Plaintiff lost his employment as a Laboratory Technician at Bayport Polymers, lost his housing, had a protective order issued against him, had to go on public assistance programs, required group therapy, counseling sessions, required medical intervention, and had to deplete his retirement accounts and Health Savings Account to survive.

40.    On October 31st, 2023 both the Retaliation and the Assault of a Peace Officer charges against Rossley were dismissed after the presiding judge of the 339th District

Court granted a motion to suppress evidence and explicitly ruled that no probable cause existed for Rossley's arrests.

41.    On or about January 2nd, 2024 Rossley found work as a Support Engineer after the meritless criminal prosecutions against Rossley had been dismissed. The position that Rossley accepted was a substantial pay reduction from his role at Bayport Polymers LLC.

42.    On or about February 6th, 2024 Rice of the Pasadena Police Department contacted Sharon Ann Pawkett to investigate a Violation of a Protective Order case.

43.    On or about February 6th, 2024 Rice had a recorded telephone conversation with Sharon Ann Pawkett as part of an investigation of an alleged Violation of a Protective Order. Rice acknowledged that the messages allegedly sent by the plaintiff to Sharon Ann Pawkett were substantially regarding Rossley's children and indicated that Rossley's clear intent was a desire to have a relationship with his children. During the conversation, Rice even asserted that prosecution of a lesser included Harassment charge against Plaintiff would not succeed as Rossley's obvious intent was to have a relationship with his children.

44.    During the period of February 6rh 2024 to March 19th, 2024 Detective Rice had a recorded telephone conversation with Rossley.

45.    On or about March 19th of 2024 Rice completed an affidavit to have Rossley charged with the FELONY offense of Violation of a Protective Order 2+ Times

within 12 Months.

46.    On or about March 19th, 2024 Rice succeeded in having Rossley charged with the FELONY offense of Violation of a Protective Order 2+ Times within 12 Months in the 209th District Court.

47.    Rice's affidavit signed March 19th, 2024 contains false statements and materially relevant omissions.

48.    In Rice's March 19th, 2024 affidavit Rice included an allegation that Plaintiff was Sharon Ann Pawkett's "Ex-husband" despite Rice being aware that this was factually incorrect due to recorded conversations with both Plaintiff and Sharon Ann Pawkett. Rice failed to mention the relevant fact that Sharon Ann Pawkett and Plaintiff were legally married and going through a divorce and that each party was representing themselves as a Pro Se litigant. The mere existence of a protective order, let alone a void one, cannot preclude discussion of facts, even uncomfortable ones, about a divorce suit between two Pro Se litigants in a divorce which is clearly about the couple's shared children – discussions about Sharon Ann Pawkett and Plaintiff's children is an activity which is expressly permissible by the purported Protective Order which was alleged to have been violated.

49.    In Rice's March 19th, 2024 affidavit Rice stated that "On January 29, 2024, Defendant (Rossley) text messaged Complainant's cell phone, which is prohibited, in a group message that included her mother, step-father, and her two older

children." Rice was also aware, from conversations with Plaintiff AND Sharon Ann Pawkett, that the messages allegedly forwarded via a group message were not intentionally (and may not even at all) sent by Plaintiff to Sharon Ann Pawkett, but Rice omitted this relevant and material fact.

50.     In Rice's March 19th, 2024 affidavit, Rice stated that Plaintiff "…threatened to sue her for her false allegations to the 280 Court and the PPD (Pasadena Police Department)…" Rice was aware of the false statements that Sharon Ann Pawkett made to the Pasadena Police Department and the 280th District Court as he knowingly took identical false statements from Sharon Ann Pawkett and included them in his February 24th, 2023 probable cause affidavit to have Rossley charged with Retaliation. Rice again omitted a materially relevant fact.

51.     On or about April 18th, 2024 Rossley again Retained Attorney Travis Allen Bryan to represent Rossley in the FELONY Violation of a Protective Order case, Representation cost Rossley $15,000 in consideration.

52.     On or about July 23rd, 2024 Rossley, through his attorney, filed a Motion to Quash and in the Alternative, Motion to Suppress Evidence in the FELONY Violation of a Protective Order case in the 209th District Court.

53.     On or about July 28th, 2024 the Harris County District Attorney's Office dismissed the case against Plaintiff for FELONY Violation of a Protective Order after discovering relevant facts which were omitted in Rice's affidavit.

54.    On or about July 30th of 2024 Rice's probable cause affidavit which he had completed March 19th, 2024 was used to initiate a Harassment charge against Rossley in Harris County Criminal Court at Law 1.

55.    On or about August 21st, 2024 Rossley again retained Attorney Travis Allen Bryan to represent him in the newly filed Harassment case. Representation cost Rossley $5,000 in consideration.

56.    On or about October 8th, 2024 the presiding Judge of Harris County Criminal Court at Law 1 found no probable cause existed for Plaintiff's arrest.

## Causes of Action

### Count I: Retaliatory Arrest

57.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

58.    Defendants Marcellos Seale, acting under color of state law, engaged in conduct that constituted a retaliatory arrest of Plaintiff Daniel Rossley, in violation of his rights under the First and Fourteenth Amendments to the United States Constitution.

59.    On or about February 23, 2023, Plaintiff Rossley exercised his right to free speech by telling Defendant Seale to "get the fuck off my property" at his private residence.  This statement was made in a context where Rossley was asserting his rights and expressing his disapproval of Seale's presence and actions.

60.    Defendant Seale arrested Rossley immediately following Rossley's exercise of his protected speech, demonstrating a retaliatory motive.

61.    As a direct and proximate result of Seale's retaliatory arrest or Rossley, Rossley suffered damages, including loss of employment, housing, and emotional distress.

62.    Plaintiff seeks compensatory and punitive damages, as well as any other relief deemed appropriate by the Court, for the violation of his constitutional rights through the retaliatory arrest conducted by Defendants Seale and Rice.

**Count II: Violation of Civil Rights Under 42 U.S.C. § 1983 - False Arrest**

63.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64.    Defendants Marcellos Seale and Dennis Rice, acting under color of state law, unlawfully arrested Plaintiff without probable cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

65.    On or about February 23, 2023, Defendant Seale arrested Rossley for Public Intoxication at Rossley's private residence, despite the fact that a private residence, including its driveway, is not considered a public place under Texas law.

66.    Defendant Seale's arrest of Rossley was conducted without a valid warrant and lacked probable cause, as Rossley was not in a public place as required by Texas Penal Code 49.02.

67.    Defendant Rice further violated Rossley's rights by knowingly omitting relevant facts and including false statements and in a probable cause affidavit to charge Plaintiff with Retaliation, despite having acknowledged the falsity of the statements Rice included.

68.    As a direct and proximate result of Defendants' actions, Rossley suffered damages, including loss of employment, housing, and emotional distress.

**Count III: Violation of Civil Rights Under 42 U.S.C. § 1983 - Excessive Force**

69.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

70.    Defendant Seale, while acting under color of state law, used excessive force against Rossley by smashing Rossley's head against a vehicle during the unlawful arrest on February 23, 2023.

71.    The force used by Defendant Seale was unreasonable and excessive under the circumstances, as Rossley was not resisting arrest or posing a threat to the officers or others.

72.    As a direct and proximate result of Defendant Seale's use of excessive force, Rossley suffered physical injury and emotional distress.

**Count IV: Violation of Civil Rights Under 42 U.S.C. § 1983 - Malicious Prosecution**

73.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

74.     Defendants Seale and Rice, acting under color of state law, initiated and continued criminal proceedings against Rossley without probable cause, with malice, and for the purpose of depriving Plaintiff of his constitutional rights.

75.     Defendant Seale intentionally distorted a key element in his probable cause affidavit by stating that Rossley was "in close proximity to a public street" to justify the Public Intoxication charge, despite knowing this was intentionally misleading.

**76.**     Defendant Rice knowingly included false allegations in his affidavit to charge Rossley with Retaliation, despite acknowledging the falsity of the statements.

**77.**     The criminal proceedings against Rossley were terminated in his favor when the charges were dismissed due to lack of probable cause.

**78.**     As a direct and proximate result of Defendants' malicious prosecution, Rossley suffered damages, including legal expenses, loss of employment, and emotional distress.

**Count V: Municipal Liability Under 42 U.S.C. § 1983**

**79.**     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

80.     Defendant City of Pasadena, through its policies, practices, and customs, exhibited deliberate indifference to the constitutional rights of individuals, including Rossley, by failing to properly train, supervise, and discipline its officers, including

Defendants Seale and Rice.

81.    The City of Pasadena's failure to address the pattern of unlawful arrests for Public Intoxication on private property and the use of excessive force by its officers directly caused the violation of Rossley's constitutional rights.

82.    As a direct and proximate result of the City of Pasadena's actions and inactions, Rossley suffered damages, including, but not limited to loss of employment, housing, and emotional distress.

**Count VI: Failure to Intervene Under 42 U.S.C. § 1983**

**83.**    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

84.    Defendants, acting under color of state law, knew or should have known that they and others were violating Rossley's constitutional rights as described in counts I-IV.

85.    Defendants each had multiple reasonable opportunities to intervene and prevent these violations but, acting with deliberate indifference, declined to do so.

86.    Defendants' failure to intervene violated Rossley's clearly established constitutional rights.

87.    Through their failure to intervene, Defendants directly and proximately caused Rossley's injuries.

88.    Defendants actions were wilful, deliberate, and malicious, and involved

reckless or callous indifference to Rossley's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

**Count VII: Intentional Infliction of Emotional Distress**

89.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90.    Defendants Marcellos Seale and Dennis Rice, acting under color of state law, engaged in extreme and outrageous conduct by unlawfully arresting Plaintiff Daniel Rossley without probable cause, using excessive force, and maliciously prosecuting him with false charges.

91.    Defendants acted with the intent to cause, or with reckless disregard of the probability of causing, emotional distress to Rossley. This is evidenced by Seale's use of excessive force during the arrest and Rice's inclusion of false statements in affidavits to support baseless charges.

92.    As a direct and proximate result of Defendants' conduct, Rossley suffered severe emotional distress, including anxiety, depression, and humiliation, which required medical intervention and counseling.

93.    The actions of Defendants were the direct and proximate cause of Rossley's emotional distress, as they were intended to and did result in significant harm to his mental and emotional well-being.

**Count VIII: Abuse of Process**

94.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

95.    Defendants Seale and Rice misused the legal process by initiating and continuing criminal proceedings against Rossley without probable cause, with the ulterior motive of depriving him of his constitutional rights and causing him harm.

96.    Defendants' actions were driven by an ulterior motive to justify their unlawful conduct and to retaliate against Rossley for exercising his rights, as evidenced by the false and misleading statements in the probable cause affidavits.

97.    The legal process was used improperly to achieve an outcome not intended by law, namely, the harassment and intimidation of Rossley through baseless criminal charges.

98.    As a result of Defendants' abuse of process, Rossley suffered damages, including legal expenses, loss of employment, and emotional distress.

**Count VIIII: Conspiracy to Violate Civil Rights**

99.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

100.   Defendants Seale and Rice, along with other unnamed co-conspirators, reached an agreement to deprive Rossley of his constitutional rights, including his rights to due process and to be free from unlawful arrest and excessive force.

101.   In furtherance of this conspiracy, Defendants engaged in overt acts, including the unlawful arrest of Rossley, the use of excessive force, and the submission of false affidavits to support baseless charges.

102.   Defendants acted with the specific intent to deprive Rossley of his constitutional rights, as evidenced by their coordinated efforts to fabricate charges and justify their unlawful actions.

103.   As a direct and proximate result of the conspiracy, Rossley suffered injuries, including loss of employment, housing, and emotional distress.

**Count X: Negligent Supervision and Training**

104.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

105.   Defendant City of Pasadena had a duty to properly supervise and train its officers, including Defendants Seale and Rice, to ensure they respected and upheld the constitutional rights of individuals.

106.   The City of Pasadena breached this duty by failing to adequately supervise and train its officers, resulting in a pattern of unlawful arrests and use of excessive force.

107.   The City of Pasadena's failure to supervise and train its officers was the direct and proximate cause of the violations of Rossley's constitutional rights, as it allowed Defendants Seale and Rice to engage in unlawful conduct without accountability.

108.   As a result of the City of Pasadena's negligence, Rossley suffered damages, including loss of employment, housing, and emotional distress.

**Count XI: Defamation**

109.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

110.   Defendants Seale and Rice made false statements about Rossley, including allegations of public intoxication and retaliation, which were included in official affidavits and communicated to third parties, including the Harris County District Attorney's Office.

111.   These false statements were published to third parties, including law enforcement agencies and the public, causing harm to Rossley's reputation.

112.   Defendants acted with actual malice or, at a minimum, with negligence in making these false statements, as they knew or should have known the statements were false.

113.   As a result of Defendants' defamatory statements, Rossley suffered damages, including harm to his reputation, loss of employment, and emotional distress.

## <u>Prayer for Relief</u>

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendants, jointly and severally, and further award the Plaintiff following relief, and any other relief to

which he may be entitled under the law, or that this Court may deem just, fair, equitable, and/or proper:

a.  Compensatory Damages: Award Plaintiff compensatory damages in an amount to be determined at trial for the loss of employment, housing, and emotional distress suffered as a result of Defendants' unlawful actions, including but not limited to false arrest, excessive force, malicious prosecution, and defamation.

b.  Punitive Damages: Award Plaintiff punitive damages against Defendants Seale and Rice for their willful, deliberate, and malicious conduct, which demonstrated a reckless or callous indifference to Plaintiff's constitutional rights.

c.  Injunctive Relief: Issue an injunction requiring the City of Pasadena to implement appropriate policies, training, and supervision to prevent future violations of constitutional rights by its officers, including unlawful arrests and the use of excessive force.

d.  Declaratory Relief: Declare that the actions of Defendants Seale and Rice, as described in the complaint, violated Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983.

e.  Attorneys' Fees and Costs: Award Plaintiff reasonable attorneys' fees and costs incurred in bringing this action, pursuant to 42 U.S.C. § 1988 and other applicable laws.

f.  Pre- and Post-Judgment Interest: Award Plaintiff pre- and post-judgment interest as allowed by law.

g.  Such Other Relief: Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**TEFLONO LAW GROUP, PLLC**
801 Travis St., Ste. 2101 PMB 1440
Houston, Texas 77002-5730
1 (832) 810-2410 Office
1 (832) 579-0573 Fax

By:     /s/ Travis A. Bryan I
        Travis A. Bryan I
        Texas Bar No. 24095621
        travis.bryan@teflonolaw.com

        Attorney for Plaintiff
        DANIEL JOSEPH ROSSLEY